Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | Edward A. Bobrick |
|---|---|---|---|
| CASE NUMBER | 98 C 3952 | DATE | 6/27/2000 |
| CASE TITLE | Smithkline Beecham vs. Apotex | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter Memorandum Order. Plaintiffs' motion for reconsideration is granted in part and denied in part, as set out in the body of this order.

*(signature: EABobrick)*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 4 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUN 2 7 2000 | |
| | Notified counsel by telephone. | | date docketed | 120 |
| | Docketing to mail notices. | | IS | |
| | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | | |
| | | 00 JUN 27 AM 8:05 | 6/27/2000 | |
| | | | date mailed notice | |
| TH ✓ | courtroom deputy's initials | | TH | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



DOCKETED
JUN 27 2000

| | |
|---|---|
| SMITHKLINE BEECHAM CORPORATION and BEECHAM GROUP, <br><br>Plaintiffs, <br><br>vs. <br><br>APOTEX CORPORATION, APOTEX INC., and TORPHARM, INC., <br><br>Defendants. | No. 98 C 3952 <br>Judge Charles P. Kocoras <br>Edward A. Bobrick, <br>Magistrate Judge |

## MEMORANDUM ORDER

Before the court is the motion of plaintiffs Smithkline Beecham Corporation and Beecham Group, Inc. for reconsideration of this Magistrate Judge's order of May 26, 2000.

The May 26 order, granting in part defendants' motion to compel, ordered production of approximately 500 documents of about 1500 which plaintiffs claimed to be privileged. Plaintiffs now submit that portions of the order were clearly erroneous or contrary to law. Initially, we note that, near the close of the briefing of this matter, defendants withdrew their motion to compel the production of more 100 documents in a footnote to their "Additional Reply Memorandum of Law." Of these, the court inadvertently failed to remove 30 documents—526, 587, 595, 601, 610, 618, 633, 676, 765, 771, 789, 818, 918, 973, 1161, 1209, 1213, 1218, 1220, 1221, 1225, 1227, 1232,



1234, 1238, 1239, 1243, 1247, 1249, 1252–from consideration. Plaintiffs, of course, need not produce documents which defendants no longer seek and, in this regard, their motion for reconsideration is granted as to these 30 documents, and said documents are no longer subject to production under our prior order.

Before addressing plaintiffs' specific arguments, we note that plaintiffs have not provided the court with any authority for the instant motion--the Federal Rules of Civil Procedure do not provide for a "motion for reconsideration" of an interlocutory order. To the extent such motions are tolerated, however, they serve a limited purpose: they are not opportunities to rehash old arguments or submit new evidence that could have already been presented. *Caisse Nationale de Credit v CBI Industries*, 90 F.3d 1264, 1270 (7th Cir. 1996); *Bachman v. Bear, Stearns & Co.*, 57 F.Supp.2d 556, 564 (N.D.Ill. 1999). Review of plaintiffs' arguments reveals that all were addressed in the order–plaintiffs simply rehash them here, or attempt to bolster them with evidence that should have been supplied months ago.

Plaintiffs argue that the court erred in several aspects of its order, namely:

1) finding that documents described as submitted throughout the entirety of management were not privileged;

2) finding that plaintiffs had not demonstrated that certain documents were produced in anticipation of litigation;

3) failing to separately address work product and attorney client privilege claims as to certain documents;

4) failing to find third-country communications privileged or work product;

5) finding several documents described as "minutes of meetings" not privileged;

6) finding plaintiffs failed to adequately describe the capacities for certain individuals in "common interest" documents.

Plaintiffs' contentions, in general, can be dismissed by reference to this court's admonitions, in open court and in print, regarding plaintiffs' responsibilities in producing a satisfactory privilege log. Plaintiffs' arguments, for the most part, simply rehash contentions already raised in the extended briefing of this matter. Early on, as noted in the May 26 order, plaintiffs came up short:

> To support their claims of immunity from discovery, the plaintiffs first described the documents at issue in a 370-page privilege log. After a brief review of that submission, it was clear to the court that plaintiffs' descriptions were insufficient to allow a ruling as to whether the documents were discoverable. Pursuant to court order, plaintiffs submitted a 386-page privilege log, in addition to discovering that nearly 100 documents which they originally considered privileged actually were discoverable.

(*Memorandum Order*, at 3). Plaintiffs were not only instructed as to the requirements of such a log in court, but were directed to case law that they were to have followed. Specifically, as we reiterated in the order:

> More often than not, parties proceed in such a manner that would suggest they believe their opponent must undermine their unsupported claims of privilege or that it is the court's task to protect their communications for them. Neither, of course, is the case. Accordingly, this court directed the plaintiff to file a privilege log that complied with Fed.R.Civ.P. 26(b)(5), and cases such as *Allendale Mut. Ins. Co. v. Bull Data Systems, Inc.*, 145 F.R.D. 84 (N.D.Ill. 1992); and *In re General Securities Litigation*, 190

F.R.D. 527 (N.D.Ill. 2000). That means the description of each document and its contents must be sufficiently detailed to allow the court to determine whether the elements of attorney-client privilege-or in other cases, work product doctrine-have been established. Failing this, the documents must be produced.

(*Memorandum Order*, at 4). Nevertheless, plaintiffs' privilege log obviously fell short in certain instances.

Returning to plaintiffs' specific arguments for reconsideration, we address each, briefly, in turn:

1) Distribution throughout "management." Plaintiffs failed to comply with directive to name individual recipients and describe their capacities for each document. These failings were specifically addressed at page 16 of the May 26 order.[1]

2) Anticipation of Litigation. Plaintiffs continue to claim litigation was anticipated as of 1992. They have presented yet another affidavit to support this claim which, for the first time, attempts to identify objective facts that would support a resolve to litigate in Spain and Canada, although not elsewhere. Such evidence of course, should have been

---

[1] Where the client is a corporation, the privilege is waived if the communications are disclosed to employees who did not need access to the communication. *Baxter Travenol*, 1987 WL 12919, *5. General, group-wide descriptions such as "management" do not allow for the court to assess whether the recipients require, or have the capacity to act upon, the information distributed. In addition, this appears to be too broad a distribution to seriously allow a claim of confidentiality. *General Securities*, 190 F.R.D. at 531.

4

presented when the matter was before the court, at some point during the three months of briefing, during which plaintiffs filed three privilege logs and four memoranda of law.

3) Separate Work Product and Attorney-Client Privilege Claims. In the case of these documents, the court noted that "no other privilege has been established or is claimed." (*Memorandum Order*, at 23). In most cases, the descriptions of these materials were limited to *ipse dixit* recitations of the elements of work product only. The court advised against such descriptions in court, and in *Allendale* and *General Securities*.

4) Third Country Communications. Review of the descriptions reveals that most efforts to advance only the elements of work product doctrine with respect to "anticipated litigation" unsupported by any evidence; they include conclusory claims of attorney-client privilege tacked on seemingly as an afterthought. Others do, in fact, appear to fall under the "intermediary" ruling in *Mendenhall*. This was covered at pages 10 and 11 of the May 26 Order.

5) Minutes of Meetings. Documents ordered produced in this category failed to set out elements such as author or recipient capacity (52, 515), or litigation anticipated to support work product (239, 364, 443, 587, 858, 887, 891).

6) Description of Capacities in "Common Interest" Documents. This argument is wholly unsupported. For example, in document 216, P.LeFevre is described as "Novo Nordisk employee;" in document 230, P.Houmoller is described as "Novo Nordisk employee" and so on, for each document of which plaintiffs now complain. To reiterate,

such descriptions run afoul of previous rulings, and of this courts specific instructions in this matter.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for reconsideration is GRANTED in part and DENIED in part, as set out in the body of this order.

ENTERED: *Edward A. Bobrick*
EDWARD A. BOBRICK
United States Magistrate Judge

DATE: June 27, 2000