# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 3952 | **DATE** | 9/12/2000 |
| **CASE TITLE** | SmithKline Beecham Corp et al vs. Apotex Corp. et al | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** We have no "definite and firm conviction that a mistake has been committed." We therefore accept Magistrate Judge Bobrick's recommendations as to the Disputed Communications with SmithKline's UK patent agents and deny TorPharm's objections. All other pending motions are moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | Document Number |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | SEP date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | IS | 143 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | date mailed notice | |

SCT     courtroom deputy's initials

ED-7 FILED FOR DOCKETING

00 SEP 12  PM 2: 44

Date/time received in central Clerk's Office

mailing deputy initials

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SMITHKLINE BEECHAM CORPORATION )
and BEECHAM GROUP, p.l.c,                     )
                                                              )
                              Plaintiffs,           )
                                                              )
        vs.                                               )          98 C 3952
                                                              )
APOTEX CORP., APOTEX, INC., and     )
TORPHARM, INC.,                                 )
                                                              )
                              Defendants.         )

DOCKETED
SEP 1 3 2000

## **MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

This matter is before the Court on Defendant TorPharm, Inc.'s Rule 72(a)

Objections to Magistrate Judge Edward A. Bobrick's May 26, 2000 Order granting in

part and denying in part TorPharm's motion to compel the production of documents.

For the reasons set forth below, we deny TorPharm's objections.

## **BACKGROUND**

This is a patent infringement action brought by Plaintiffs SmithKline Beecham

Corporation ("SmithKline Beecham") and Beecham Group, p.l.c. ("Beecham")

(collectively, "SmithKline") against defendants Apotex Corp., Apotex, Inc., and

TorPharm, Inc. (collectively, "TorPharm"). Beecham obtained United States Patent

143

No. 4,721,723 on the drug Crystalline Paroxetine Hydrochloride Hemihydrate on January 26, 1988, and eventually assigned it to SmithKline Beecham. SmithKline markets the drug as Paxil and sells over one billion tablets each year in the United States.

On May 18, 1998, TorPharm notified plaintiffs that it had filed an Abbreviated New Drug Application with the FDA for "Paroxetine Hcl Tablets." TorPharm claimed that its product did not infringe on SmithKline's patent because it contained paroxetine in an anhydrous state, as opposed to a hemihydrous state. Plaintiffs contend that paroxetine hydrochloride in an anhydrous state will convert to a hemihydrous state. They filed this infringement action on June 26, 1998.

The dispute currently before the Court concerns the discoverability of certain documents relating to the conception, reduction to practice, development, and testing of Plaintiffs' invention. Plaintiffs withheld these documents on attorney-client privilege grounds, and on February 16, 2000, TorPharm moved to compel their production. TorPharm's motion argued, in relevant part, that Plaintiffs had improperly claimed the privilege for its communications with various British patent agents. We referred the motion to Magistrate Judge Edward A. Bobrick for resolution.

Judge Bobrick issued a May 26, 2000 Order granting in part and denying in part Defendants' motion to compel. Judge Bobrick held, *inter alia*, that SmithKline had

properly invoked the privilege as to those documents that involved "confidential legal advice flowing either to or from the plaintiffs' United Kingdom [attorney or patent agent]" (the "Disputed Communications"). On the other hand, Judge Bobrick granted Defendants' motion with respect to (1) communications for which the patent agent might have been acting as merely a "conduit" of information, rather than a legal advisor; and (2) documents he found to lack the limited audience or distribution necessary to support a claim of confidentiality.

TorPharm challenges that portion of Judge Bobrick's order according attorney-client privilege protection to the Disputed Communications between SmithKline and its UK patent agents. We accept Judge Bobrick's recommendations and deny the objections.

## LEGAL STANDARD

A magistrate judge's ruling on a non-dispositive matter may be reversed only on a finding that the order is "clearly erroneous or contrary to law." Fed. R. Civ. Proc. 72(a). "A finding is 'clearly erroneous when although there is enough evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). Courts have consistently found routine discovery motions to be "non-dispositive" within the meaning of Rule 72(a). See, e.g., Boboski

v. Board of Educ. of Cary Consol. School Dist. 26, 141 F.R.D. 88 (N.D. Ill. 1992); Johnson v. Old World Craftsmen, Ltd., 638 F. Supp. 289, 291 (N.D. Ill. 1986).

Defendants' motion to compel production of documents is a routine, non-dispositive discovery motion. We must therefore accept Judge Bobrick's recommendations unless they are clearly erroneous or contrary to law.

## DISCUSSION

"Where legal advice of any kind is sought...from a professional legal advisor in his capacity as such,...the communications relating to that purpose...made in confidence...by the client...are at his instance permanently protected...from disclosure by himself or by the legal advisor...." U.S. v. Evans, 113 F.3d 1457, 1461 (7th Cir. 1997), quoting 8 J. Wigmore, Evidence in Trials at Common Law § 2292 (McNaughton rev. ed. 1961). We construe the privilege narrowly, because it is in derogation of the search for truth. U.S. v. White, 950 F.2d 426, 430 (7th Cir. 1991).

Ordinarily, communications between a client and a patent agent are not subject to the attorney-client privilege. McCook Metals L.L.C. v. Alcoa, Inc., 192 F.R.D. 242, 256 (N.D. Ill. 2000). However, "the privilege may extend to communications with foreign patent agents related to foreign patent activities if the privilege would apply under the law of the foreign country and that law is not contrary to the law of this forum." Id., quoting Burroughs Wellcome Co. v. Barr Laboratories, Inc., 143 F.R.D.

- 4 -

611, 616 (E.D.N.C. 1992). Whether, and when, to extend the privilege to patent agents is an unsettled question.

Judge Bobrick, following other courts in this circuit, applied a combined comity-functionalism approach to the foreign patent agent problem. Because the patent agents in question were from the United Kingdom, Judge Bobrick first looked to British law and determined that under that system, communications with patent agents are deemed privileged. Second, Judge Bobrick looked to the function the patent agents were performing. He found that, with respect to the Disputed Communications, the UK patent agents were "engaged in the substantive lawyering process," providing confidential legal advice rather than serving merely as conduits for non-confidential information. Judge Bobrick held that documents created under these circumstances were protected from discovery by the attorney-client privilege.

TorPharm objects, arguing that: (1) the court should have adopted a "touch base," rather than comity-functionalism, approach to the foreign patent agent question;(2) the British law extending privilege to patent agent communications is restricted to proceedings in the United Kingdom; and (3) UK law conflicts with the law of the forum and should not be accorded comity, since the UK patent agents were not functioning as attorneys. We address each of these arguments in turn.

## I. Approaches to foreign patent agent privilege

There is significant disagreement among courts as to the method to be followed in analyzing claims of attorney-client privilege for communications with foreign patent agents. District courts have followed a number of different approaches, and there is little circuit precedent on the issue. Judge Bobrick correctly noted, however, that "[i]n this district, as a matter of comity, and as a functional approach to the problem, the trend is for courts to look to the foreign nation's law to determine the extent to which the privilege may attach." See, e.g., McCook Metals, supra, 192 F.R.D. at 256 ("If an attorney-client privilege exists in a country, then comity requires us to apply that country's law to the documents at issue."); Mendenhall v. Barber-Greene Co., 531 F. Supp. 951 (N.D. Ill. 1982); Baxter Travenol Laboratories, Inc. v. Abbott Laboratories, No.84 C 5103 (N.D. Ill. June 19, 1987) 1987 WL 12919 at *8 ("Although there is some authority for the proposition that communications between attorneys and foreign patent agents are unprivileged because patent agents are not attorneys,...the better view is that such communications are privileged under certain circumstances."); Heidelberg Harris, Inc. v. Mitsubishi Heavy Industries, Ltd., No. 95 C 0673 (N.D. Ill. Dec. 18, 1996) 1996 WL 732522 ("[W]here a party who may arguably be termed a foreign patent agent is engaged in the substantive lawyering process and communicates with his client, the communication is privileged to the same extent as a communication

between an American attorney and his client."); <u>Advertising to Women, Inc. v. Gianni Versace, S.p.A.</u> No. 98 C 1553 (N.D. Ill. Aug. 4, 1999) 1999 WL 608711; <u>see also Stryker Corp. v. Intermedics Orthopedics, Inc.</u>, 145 F.R.D. 298, 306 (E.D.N.Y. 1992). Following this trend, Judge Bobrick decided to "recognize the application of the privilege if the foreign nation extends the privilege to communications with patent agents and, with respect to those communications, the agents are more or less functioning as attorneys."

TorPharm contends that Judge Bobrick should have eschewed this approach in favor of the "touch base" test adopted by some courts in other judicial districts. <u>See, e.g.</u>, <u>Odone v. Croda Int'l PLC</u>, 950 F. Supp. 10, 13 (D.D.C. 1997); <u>Duplan Corp. v. Deering Milliken, Inc.</u>, 397 F. Supp. 1146, 1169 (D.S.C. 1974). Under this test, TorPharm argues, the court should simply apply U.S. law to any communications that "touched base" with the United States. We need not determine whether the Disputed Communications touched base with the United States, because we find that, in light of the diversity of available approaches and the trend in this district, Judge Bobrick did not commit clear error or act contrary to law in applying the comity-functionalism, rather than touch base, test.

Indeed, we believe Judge Bobrick's approach is the better one. Although communications with domestic patent agents are generally denied the protection of the

attorney-client privilege, <u>McCook Metals</u>, 192 F.R.D. at 256, citing <u>Burroughs Wellcome Co. v. Barr Laboratories, Inc.</u>, 143 F.R.D. 611, 616 (E.D.N.C. 1992), it would vitiate the principles of comity and predictability of the privilege to extend that denial blindly to foreign "patent agents" without reference to either the function they serve in their native system or the expectations created under their local law. <u>See Upjohn Co. v. United States</u>, 449 U.S. 383, 393 (1981) ("[I]f the purpose of the attorney-client privilege is to be served, the attorney and client must be able to predict with some degree of certainty whether particular discussions will be protected.").

Accordingly, Judge Bobrick's adoption of the comity-functionalism approach was neither clearly erroneous nor contrary to law.

## II. Privilege under the U.K. Patents Act

TorPharm argues that Judge Bobrick erred in applying § 280.01 of the U.K. Copyright, Designs, and Patents Act 1988 (the "Patents Act") as a matter of comity. TorPharm claims that this statute, which extends the attorney-client privilege to patent agent communications, expressly limits privilege protection to judicial proceedings in England, Wales, and Northern Ireland. The Patents Act reads, in pertinent part:

280.–(1) This section applies to communications as to any matter relating to the protection of any invention, design, technical information, or trade mark....

- 8 -

(2) Any such communication–

(a) between a person and his patent agent...

is privileged from disclosure in legal proceedings in England, Wales or Northern Ireland in the same way as a communication between a person and his solicitor....

(3) In subsection (2) "patent agent" means–

(a) a registered patent agent or a person who is on the European list,...

(4) It is hereby declared that in Scotland the rules of law which confer privilege from disclosure in legal proceedings in respect of communications extend to such communications as are mentioned in this section.

TorPharm asserts that the words "in England, Wales or Northern Ireland" in paragraph 2 of the statute indicate a legislative intent to limit the applicability of the privilege to legal proceedings in the United Kingdom. However, paragraph 4 indicates that this limiting language was intended not to afford the rules a purely local application, but rather to distinguish the provisions relating to England, Wales and Northern Ireland from those relating to Scotland, which operates under its own legal system. Under either paragraph 2 or paragraph 4, the Disputed Communications would

be privileged. Accordingly, the magistrate judge did not commit clear error in finding privilege under the Patents Act as a matter of comity.

## III. Functional analysis

TorPharm next argues that the Patents Act conflicts with the law of this forum, and should therefore not have been applied. Stryker, 145 F.R.D. at 306. Judge Bobrick determined that where the patent agents were functioning as attorneys, rather than mere conduits of non-confidential information, there was no inherent conflict with U.S. law. Other courts that have applied British or other foreign law in extending the privilege to patent agent communications have implicitly come to the same conclusion. See, e.g., id.(affording privilege under British law as a matter of comity); McCook Metals, 192 F.R.D. at 256-57 (applying German law); Advertising to Women, 1999 WL 608711 at *2 (applying Italian law).

## a. Role of British patent agents

TorPharm first disputes that British patent agents may under any circumstances be functionally equivalent to American attorneys such that the protection of their communications would not conflict with U.S. law. In this regard, TorPharm points out that British patent agents are not necessarily members of a bar and cannot appear in court without a solicitor or barrister, except on certain patent-related matters. No case cited by either party held that such capabilities are prerequisites for the extension of the privilege, or that a patent agent must be the full equivalent of an American attorney

before his native protections may be recognized by a U.S. court. Rather, courts have looked to whether, with respect to a particular communication, the patent agent was engaged in the "substantive lawyering process." Mendenhall, 531 F. Supp. at 954; Heidelberg Harris, 1999 WL 732522 at *10; Baxter Travenol, 1987 WL 12919 at *8. Judge Bobrick therefore did not commit clear error in recognizing the privilege for communications where SmithKline's U.K. patent agents were "more or less functioning as attorneys."

## b. Role of patent agents with respect to particular documents

TorPharm further objects to the application of the privilege to the Disputed Communications on the ground that those documents either contain, or are limited to, "reams of purely technical information." TorPharm argues that such information is discoverable, regardless of the purpose for which it was prepared or the context in which it is communicated. In deciding whether to uphold SmithKline's claim of privilege for a particular communication, Judge Bobrick properly focused on whether the patent agents were functioning as attorneys, rather than mere conduits, in that the document revealed confidential legal advice. Applying this test, he found documents in the following categories to be privileged: (1) documents "described as concerning legal advice regarding patent protection in the context of a decision whether to enter into a licensing agreement, or obligations under existing agreements"; (2) "communications involved in the strategizing process pending patent application;

(3) "reports of technical information or results of tests requested by attorneys...said to involve assessments of patentability, or provide information underlying legal advice for the protection of patents...and described as prepared in order to allow attorneys to assess patentability and sift information to prepare applications."

The magistrate judge based his conclusions on In re Spalding Sports Worldwide, Inc., 203 F.3d 800 (2000), in which the Federal Circuit held that invention records prepared and submitted primarily for the purpose of obtaining legal advice on patentability and legal services in preparing a patent application were protected from discovery by the attorney-client privilege. Although the invention record purportedly contained prior art and technical information, the Spalding court refused to "dissect the document to separately evaluate each of its components." Id. at 806. Instead, the court looked to whether the "overall tenor of the document indicates that it is a request for legal advice or services" and found the invention record privileged in its entirety.

TorPharm argues that the magistrate judge should not have relied on Spalding, but on what TorPharm characterizes as contrary Seventh Circuit precedent. Even assuming that Loctite Corp. v. Fel-Pro, Inc., 667 F.2d 577, 582 (7th Cir. 1981), compels a different conclusion than Spalding, we hold that the magistrate judge did not commit clear error in following Federal Circuit precedent.

The Federal Circuit has jurisdiction over substantive patent law issues and procedural issues that are not themselves substantive patent law issues but which

implicate the substantive law of patent validity and infringement. 203 F.3d at 803. In Spalding, the court held that the question of whether the invention record was protected by the attorney client privilege was "unique to patent law because the invention record relates to an invention submitted for consideration for possible patent protection." Id. at 804. It therefore applied its own law on the privilege issue. While we may not be bound by the jurisdictional holding of Spalding, we are persuaded by the Federal Circuit's determination as to which discovery issues implicate that court's area of expertise, substantive patent law.

We further disagree with TorPharm's contention that Spalding is expressly limited to the narrow category of "invention records" and therefore inapposite. The footnote cited by Defendants distinguishes earlier inconsistent cases on two independent grounds – that those cases did not deal directly with invention records, *and* that they were not binding on the Federal Circuit. Id. at 806, fn. 3. The court therefore came up with a "better rule," one which is equally applicable to the case at bar:

> [T]he central inquiry is whether the communication is one that was made by a client to an attorney for the purpose of obtaining legal advice or services....[A]n attorney cannot evaluate patentability or prepare a competent patent application without knowing the prior art and obtaining relevant technical information from the inventors. Accordingly, since

Spalding's invention record was prepared and submitted primarily for the purpose of obtaining legal advice on patentability and legal services in preparing a patent application, we conclude that it is privileged in its entirety. Id. at 803, fn. 3, 806.

The magistrate judge found that the documents in question were "prepared in order to allow attorneys to assess patentability and sift information to prepare applications." His holding that such documents are privileged under the Spalding rule was not clearly erroneous or contrary to law.

## CONCLUSION

For the foregoing reasons, we have no "definite and firm conviction that a mistake has been committed." We therefore accept Magistrate Judge Bobrick's recommendations as to the Disputed Communications with SmithKline's UK patent agents and deny TorPharm's objections.

Charles P. Kocoras
United States District Judge

Dated: _September 12, 2000_