## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 3952 | **DATE** | 9/12/2000 |
| **CASE TITLE** | SmithKline Beecham Corp et al vs. Apotex Corp. et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** We grant in part and deny in part Plaintiffs' objections, as set forth in the body of this order. Plaintiffs are hereby ordered to produce those documents found not to be immune from discovery within 15 days of receipt of this order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | SEP 1 3 2000 date docketed | |
| ✓ | Docketing to mail notices. | | 144 |
| | Mail AO 450 form. | IS docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| SCT | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

ED-7 FILED FOR DOCKETING
00 SEP 12 PM 2:44

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SMITHKLINE BEECHAM CORPORATION and BEECHAM GROUP, p.l.c, <br><br> Plaintiffs, <br><br> vs. <br><br> APOTEX CORP., APOTEX, INC., and TORPHARM, INC., <br><br> Defendants. | DOCKETED<br>SEP 1 3 2000 <br><br> 98 C 3952 |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter is before the Court on Plaintiffs' Rule 72(a) Objections to Magistrate Judge Edward A. Bobrick's May 26, 2000 Order granting in part and denying in part TorPharm's motion to compel the production of documents, as modified by Judge Bobrick's June 27, 2000 Order denying Plaintiffs' Motion for Reconsideration. For the reasons set forth below, we grant in part and deny in part Plaintiffs' objections.

## BACKGROUND

This is a patent infringement action brought by Plaintiffs SmithKline Beecham Corporation ("SmithKline Beecham") and Beecham Group, p.l.c. ("Beecham") (collectively, "Plaintiffs") against defendants Apotex Corp., Apotex, Inc., and TorPharm, Inc. (collectively, "Defendants"). Beecham obtained United States Patent

No. 4,721,723 on the drug Crystalline Paroxetine Hydrochloride Hemihydrate on January 26, 1988, and eventually assigned it to SmithKline Beecham. SmithKline markets the drug as Paxil and sells over one billion tablets each year in the United States.

On May 18, 1998, TorPharm notified Plaintiffs that it had filed an Abbreviated New Drug Application with the FDA for "Paroxetine Hcl Tablets." TorPharm claimed that its product did not infringe on Plaintiffs' patent because it contained paroxetine in an anhydrous state, as opposed to a hemihydrous state. Plaintiffs contend that paroxetine hydrochloride in an anhydrous state will convert to a hemihydrous state. They filed this infringement action on June 26, 1998.

The dispute currently before the Court concerns the discoverability of approximately 1500 documents relating to the conception, reduction to practice, development, and testing of Plaintiffs' invention. Plaintiffs withheld these documents on attorney client privilege and work product grounds, and on February 16, 2000, TorPharm moved to compel their production. On February 23, 2000, we referred the motion to Magistrate Judge Edward A. Bobrick for resolution. Plaintiffs responded on March 14, 2000, including in their submission the affidavit of Brian Russell, a member of the Corporate Intellectual Property Department of SmithKline Beecham p.l.c.

On March 22, 2000, Judge Bobrick held a hearing on Defendants' motion. He informed Plaintiffs that, from a brief review of their December 30, 1999 Withheld

Document Log, the court had been unable to determine whether the documents were discoverable. He therefore ordered Plaintiffs to produce an updated privilege log that complied with the standards set forth in <u>Allendale Mut. Ins. Co. v. Bull Data Systems, Inc.</u>, 145 F.R.D. 84 (N.D. Ill. 1992) and <u>In re General Instruments Securities Litigation</u>, 190 F.R.D. 527 (N.D. Ill. 2000). Judge Bobrick warned Plaintiffs that if the updated privilege log were not sufficiently detailed to allow the court to determine whether the elements of the attorney client privilege or work product doctrine were established, he would order the documents produced.

On April 5, 2000, Plaintiffs submitted a 386-page Amended Withheld Document Log. Defendants then sought production of an additional 200 or so documents, forcing Plaintiffs to filed a third, 89-page Supplemental Amended Privilege Log.

On May 26, 2000, Judge Bobrick issued an Order granting in part and denying in part Defendants' motion to compel. <u>SmithKline Beecham Corp. v. Apotex Corp.</u>, 193 F.R.D. 530 (N.D. Ill. 2000). The magistrate judge upheld Plaintiffs' claims of privilege as to documents involving "confidential legal advice flowing either to or from the plaintiffs' United Kingdom [attorney or patent agent]." On the other hand, Judge Bobrick granted Defendants' motion with respect to (1) communications for which the patent agent might have been acting as merely a "conduit" of information, rather than a legal advisor; and (2) documents he found to lack the limited audience or distribution necessary to support a claim of confidentiality.

On June 12, 2000, Plaintiffs simultaneously filed Rule 72(a) Objections with this Court and a Motion for Reconsideration with Judge Bobrick. The text of the two documents was the same, and attached to both was a new affidavit from Charles Kinzig. The Kinzig affidavit contained further identifying information regarding the withheld documents, as well as a portion of Plaintiffs' corporate confidentiality policy. The motion for reconsideration also offered, for the first time, to make documents available for *in camera* inspection if Judge Bobrick so desired.

On June 26, 2000, Judge Bobrick denied Plaintiffs' motion for reconsideration except with respect to 30 documents for which Defendants had withdrawn their motion to compel. He refused to consider any evidence not submitted prior to his May 26 order, citing Caisse Nationale de Credit v. CBI Industries, 90 F.3d 1264, 1270 (7th Cir. 1996) and Bachman v. Bear Stearns & Co., 57 F. Supp. 2d 556, 564 (N.D. Ill. 1999) for the proposition that motions for reconsideration, to the extent they are tolerated, are not opportunities to rehash old arguments or submit new evidence that could already have been presented.

On July 7, Plaintiffs filed a reply to Defendants' opposition to their Rule 72(a) objections. Attached to the reply were four documents – numbers 258, 539, 741, and 1465 on Plaintiffs' privilege log – which Plaintiffs submitted for *in camera* review by this Court. Defendants have moved to strike the *in camera* submission on the basis that our consideration of evidence not presented to the magistrate judge would nullify

the referral of the dispute to that court. Defendants also request that we strike the Kinzig affidavit, first offered with the Motion for Reconsideration, on the same grounds.

## LEGAL STANDARD

A magistrate judge's ruling on a non-dispositive matter may be reversed only on a finding that the order is clearly erroneous or contrary to law. Fed. R. Civ. Proc. 72(a). "A finding is 'clearly erroneous when although there is enough evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). Courts have consistently found routine discovery motions, such as motions to compel, to be "non-dispositive" within the meaning of Rule 72(a). Weeks v. Samsung Heavy Industries Co., Ltd., 126 F.3d 926, 943 (7th Cir. 1997); Boboski v. Board of Educ. of Cary Consol. School Dist. 26, 141 F.R.D. 88 (N.D. Ill. 1992).

## DISCUSSION

### I. Motions to strike

Defendants move to strike the Kinzig affidavit and the *in camera* submission of documents 258, 539, 741, and 1465 on the ground that this evidence was not before Magistrate Judge Bobrick at the time of the May 26 order. In reviewing a magistrate judge's nondispositive order for clear error, we may only properly consider the

evidence that was before the magistrate judge at the time of the order. If we were to permit the introduction of new evidence at this stage, we would essentially be conducting an impermissible de novo review of the order. Fed. R. Civ. Proc. Rule 72(a); Continental Bank, N.A. v. Premier Systems, Inc., No. 88 C 7703, 1989 WL 65045 (N.D. Ill. June 2, 1989) (Marshall, J.); Haines v. Liggett Group, Inc., 975 F.2d 81, 91 (3d Cir. 1992).

Plaintiffs argue that the evidence in question was proffered to Judge Bobrick and is therefore properly before this Court. TorPharm moved to compel production on February 16, 2000. Judge Bobrick ruled on that motion more than three months later, on May 26. In the interim, Plaintiffs briefed the issue, submitted three privilege logs, and attended at least one hearing. At none of those junctures did Plaintiffs offer any documents for *in camera* review or suggest that such review was appropriate or necessary. Nor did they offer the affidavit of Charles Kinzig, which they now argue demonstrates Judge Bobrick's clear error. It was not until Judge Bobrick issued a final order compelling production of certain documents that Plaintiffs finally submitted the Kinzig affidavit and offered to make the documents available for *in camera* review via a motion for reconsideration.

Judge Bobrick's refusal to consider the Kinzig affidavit or to accept Plaintiffs' offer of an *in camera* review was not clearly erroneous or contrary to law. On the contrary, his actions are supported by clear Seventh Circuit precedent holding that a

motion to reconsider is not the appropriate vehicle for the introduction of new evidence that could have been presented to the court prior to the ruling. Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996); Bally Export Corp. v. Balicar, Ltd., 804 F.2d 398, 404 (7th Cir. 1986).

SmithKline argues that it did not present the Kinzig affidavit or *in camera* submission until the motion to reconsider because the evidence responds only to an argument that was never made by Defendants – that litigation was not anticipated prior to May 18, 1998. However, this argument misapprehends the burden of proof for claims of work product protection. That burden rests solely on the party seeking application of the doctrine. U.S. v. Hamilton, 19 F.3d 350, 354 (7th Cir. 1994); Binks Mfg. Co. v. Nat'l Presto Industries Inc., 709 F.2d 1109, 1119 (7th Cir. 1983). Thus, Plaintiffs were required to present sufficient evidence to support a finding, as to each document: (1) that the primary purpose behind its creation was to aid in possible litigation; and (2) that there existed at that time an identifiable resolve to litigate. Allendale Mut. Ins. Co. v. Bull Data Systems, Inc., 145 F.R.D. 84, 87 (N.D. Ill. 1992). At the March 22, 2000 hearing Judge Bobrick expressly directed Plaintiffs' attention to this standard.

We are not persuaded, therefore, that Plaintiffs were unaware of the need to demonstrate that litigation was anticipated earlier than May of 1998, simply because Defendants did not make an issue of it. Accordingly, the Kinzig affidavit and

documents submitted for *in camera* review were never properly before Judge Bobrick, and it would be inappropriate for us to consider them here.

## II. Common interest

Plaintiffs claim the magistrate judge erred in ordering production of documents Plaintiffs exchanged with Ferrosan/Novo Nordisk, with whom the magistrate judge found Plaintiffs had a common legal interest. Such a common interest does not itself confer a privilege on the documents exchanged between the parties. Rather, the party claiming privilege must demonstrate that the document is protected by the attorney client or other established privilege. In re Regents of the University of California, 101 F.3d 1386 (Fed. Cir. 1996); Baxter Travenol Laboratories, Inc. v. Abbott Laboratories, No. 84 C 5102, 1987 WL 12919 (N. D. Ill. June 19, 1987). Judge Bobrick held that the privilege had apparently been waived for a number of the Ferrosan/Novo Nordisk documents because they were distributed to employees whose capacities–and consequently need for access to the document–were unclear. Plaintiffs counter that the recipients' responsibilities were described elsewhere in the log.

We will not find that Judge Bobrick committed clear error in refusing to search a 1500-entry, 386-page document for the specific titles and responsibilities of individuals that Plaintiffs took the time to describe only as "employees." This objection is denied.

## III. Work product

Plaintiffs contend that Judge Bobrick committed clear error in ordering numerous documents dated after May 18, 1998 produced despite Plaintiffs' work product claims. In determining whether Plaintiffs had adequately supported their work product claims, Judge Bobrick looked to the privilege logs and supporting affidavits to determine whether: (1) there was a substantial and significant threat of litigation, and (2) production of the materials was caused by the anticipation of litigation. He determined that, "on this record, we are constrained to find that plaintiffs could not have anticipated litigation prior to May 18, 1998."

Plaintiffs do not challenge the criteria articulated by Judge Bobrick for evaluating claims of work product. They do, however, contend that the record before the magistrate judge clearly indicated that litigation was ongoing in Canada and Spain prior to May 1998 and that litigation was anticipated as early as 1992. In support of this argument, Plaintiffs cite various log entries stating that litigation was either ongoing or anticipated, as well as the affidavit of Brian Russell, one of Plaintiffs' UK patent agents. In his affidavit, Russell testifies that, "[s]ince 1992, SB has anticipated litigation with respect to paroxetine patents." He then lists numerous documents which, he states, "are, or reflect, confidential internal SB communications prepared primarily for the purpose of aiding in future litigation."

We agree with Plaintiffs that those log entries which expressly indicate that a document was prepared in aid of *ongoing* litigation, in combination with the Russell affidavit, clearly meet the standard adopted by Judge Bobrick. Neither the original May 26 order or the June 27 order on Plaintiffs' motion for reconsideration acknowledges the existence of such entries or of the corresponding testimonial evidence. We hold that this oversight was clear error and find the elements of the work product doctrine satisfied as to those documents described as having been prepared in connection with ongoing paroxetine patent litigation. These include, but may not be limited to, documents 539, 741, 751, and 1391.

As for Plaintiffs' claim that litigation was *anticipated* prior to May 1998, we cannot find clear error in Judge Bobrick's analysis. Although Plaintiffs' privilege log entries describe documents as having been prepared for or in connection with "anticipated paroxetine patent litigation," neither they nor the Russell affidavit set forth objective facts justifying such a characterization. That is, Plaintiffs never demonstrated, with anything more than conclusory statements, a substantial and significant threat of litigation, despite being explicitly directed to do so by Judge Bobrick. Therefore, although one might conclude from Plaintiffs' submissions that litigation was anticipated prior to May 1998, the magistrate judge's refusal to uphold Plaintiffs' work product claims was not, under the circumstances, clearly erroneous. American Motors Corp. v. Great American Surplus Lines Ins. Co., No. 87 C 2496,

1988 WL 2788 at *1 (N.D. Ill. Jan. 8, 1988), citing <u>Anderson v. City of Bessemer</u>, 470 U.S. 564, 573 (1985) ("Ordinarily, under clearly erroneous review, if there are two permissible views, the reviewing court should not overturn the decision solely because it would have chosen the other view.").

## IV. "Third country" communications

Plaintiffs object to the magistrate judge's order that they produce documents 367, 399, 404, 530, 538, 542, 544, 545, 652, 669, 673, 710, 712, 752, 757, 763, 795, 892, and 922. Plaintiffs argue that those documents were not "mere transmittals of non-confidential information from the UK agent to a foreign agent, intended for a foreign patent office," but rather confidential communications seeking or providing legal advice. This argument is somewhat misguided, since Judge Bobrick only rejected three of the listed documents – 367, 399, and 795 – on the complained-of ground. As to these three documents, Judge Bobrick's holding is clearly erroneous. Each represents a confidential communication between a SmithKline Beecham UK patent agent and a foreign attorney and is described as seeking or providing legal advice. Such documents are, by Judge Bobrick's own reasoning, protected by the attorney client privilege.

We overrule Plaintiffs' objections regarding the other "third country" communications on Plaintiffs' list.

## V. Agendas and minutes of meetings with counsel present

Plaintiffs argue that Judge Bobrick erroneously ordered a number of documents produced even though they fell into a category of documents the magistrate judge held to be privileged–minutes of meetings with counsel present to provide legal advice. A review of the documents in question reveals no clear error. First, certain of the documents were ordered produced on other grounds–for example, failure to prove common interest or confidentiality (see discussion in Parts II and VI of this opinion).

As for documents 587, 858, 1209, 1225, 1232, 1238, 1239, 1243, 1249, and 1252, Judge Bobrick did order them produced on the basis that the record did not show that counsel was present to provide legal advice. Communications from an attorney to his or her client are protected only if the client can "demonstrate with reasonable certainty that the lawyer's communication rested in significant part on the client's confidential disclosure." In re Sealed Case, 737 F.2d 94, 99 (D.C. Cir. 1984). A review of the relevant log entries reveals that they arguably fail under this standard. Accordingly, we are not "left with the definite and firm conviction that a mistake has been committed," and we deny the objection.

## VI. Documents distributed to SmithKline UK management

Judge Bobrick rejected Plaintiffs' attorney-privilege claims as to a number of documents described as distributed to "management" without more, or to employees whose capacities were not clearly identified. Plaintiffs argue that the privilege should

distinguishable from the "uncertain privilege" struck down in <u>Upjohn Co. v. United States</u>, 449 U.S. 383, 393 (1981). Judge Bobrick's adoption of the test was consequently not contrary to law.

Nor was its application clearly erroneous. Plaintiffs were forewarned of the level of specificity Judge Bobrick would require from their privilege log entries. It was not unreasonable for the magistrate judge to have difficulty determining, from a general description like "management," whether a document had been too broadly distributed to seriously allow a claim of confidentiality. Similarly, Russell's testimony that the legal advice was "within the scope of the receiving employees duties" arguably falls short of showing that the employees needed access to the information.

Accordingly, we deny Plaintiffs objections and accept the magistrate judge's recommendations as to documents described as distributed to "management" without more, or to employees whose need for access to the document was not established.

## VII. Communications with UK patent agents

Judge Bobrick upheld Plaintiffs' claims of attorney client privilege for confidential communications with U.K. patent agents who were "more or less functioning as attorneys." Plaintiffs assert that Judge Bobrick failed to analyze their attorney client privilege claims under this framework – which we agree is the correct

not be waived for documents circulated among management. They also point to the Russell affidavit, which contains testimony to the effect that legal advice was only circulated to "employees of SB concerning matters within the scope of the receiving employees duties" and that "such advice [was] given and received in confidence." Plaintiffs argue that these descriptions were sufficient to demonstrate that the documents in question were confidential attorney client communications.

When the confidentiality of an otherwise privileged document is not maintained, the privilege is lost. "Where the client is a corporation, the privilege is waived if the communications are disclosed to employees who did not need access to the communication." Baxter Travenol, 1987 WL 12919 at *4, citing cases. Judge Bobrick therefore looked to whether the record contained enough information to establish that the recipients of a communication required, or had the capacity, to act upon the information distributed in determining whether to uphold Plaintiffs' claims of privilege.

This test has been applied in other cases in this district and has never been rejected by the Seventh Circuit; it has also been adopted by courts in other circuits. Baxter Travenol, 1987 WL 12919 at *5; Diversified Industries, Inc. v. Meredith, 572 F.2d 596, 609 (8th Cir. 1977); United States of American Telephone & Telegraph Co., 86 F.R.D. 603, 620-21 (D.D.C. 1979). We believe that it sufficiently apprises parties of the terms under which a particular communication will be protected, and is therefore

one[1] – for more than 50 documents listed on page 10 of Plaintiffs' memorandum in support of their objections. Judge Bobrick discussed these documents in the work product section of his order. He ultimately ordered their production, categorizing them as "materials for which plaintiffs [unsuccessfully] claim work product immunity and to which no other privilege has been established or is claimed."

Defendants argue that the words "to which no other privilege has been established" indicate that the magistrate judge considered, and rejected, Plaintiffs attorney client privilege claims for the documents in question. However, by that logic it is equally possible that Judge Bobrick mistakenly viewed them as documents for which no other privilege was *claimed*. Indeed, the latter is the more likely scenario. The order contains a detailed 14-page discussion of the attorney client privilege and specifically lists documents for which Judge Bobrick rejected Plaintiffs' claims. None of the 50 documents to which Plaintiffs now refer was expressly mentioned in the magistrate judge's attorney client privilege discussion.

Furthermore, a review of the relevant log entries reveals that they would likely have been found privileged under the legal framework applied to the remainder of Plaintiffs' attorney client privilege claims. For example, Document 939 is described as a confidential communication from a SmithKline Beecham scientist to a SmithKline

---

[1]For a detailed discussion on this point, see our opinion denying TorPharm's Rule 72(a) objections to Magistrate Judge Bobrick's 5/26/00 order, issued concurrently with this one.

Beecham UK patent agent for the purpose of securing legal analysis of information in anticipation of patent litigation. Judge Bobrick deemed confidential communications with UK patent agents privileged where the patent agent is more or less functioning as an attorney. This document clearly falls into this category and does not come under any of the exceptions to the privilege set forth in the magistrate judge's opinion. The analysis is the same for many of the other documents on Plaintiffs' list. Accordingly, we find that Judge Bobrick ordered the documents in question produced without first considering Plaintiffs' attorney client privilege claims, and that this was clear error.

Consequently, we have reviewed Plaintiffs' attorney client privilege claims as to the specified documents de novo. Plaintiffs have described the documents as falling into the following categories: (1) patent agents being provided with information by their client so that they could provide legal advice and legal assistance (documents 301, 307, 417, 434, 470, 478, 569, 608, 636, 640, 646, 696, 708, 725, 794, 806, 809, 814, 939, 940, 953, 955, 960, 979, 985, 1143, 1153, 1160, 1163, 1165, 1166, 1200, 1236, 1271, 1274, and 1346); (2) patent agents seeking information from their client in order to provide such legal advice and assistance (documents 348, 349, 469, 489, 531, 681, 704, 723, 726, 734, 740, 773, 782 and 1391); and (3) patent agents providing legal advice to their client (documents 352, 473, 474, 703, 1156, 1267, 1391). We agree with that characterization, and hold that the magistrate judge should have found that the patent agents were functioning as attorneys, and seeking or providing confidential

legal advice, with respect to these documents. We therefore reject the magistrate judge's recommendation that the above mentioned documents be produced.

## CONCLUSION

For the foregoing reasons, we grant in part and deny in part Plaintiffs' objections, as set forth in the body of this order. Plaintiffs are hereby ordered to produce those documents found not to be immune from discovery within 15 days of receipt of this order.

*Charles P. Kocoras*

Charles P. Kocoras
United States District Judge

Dated: September 12, 2000