# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 3952 | **DATE** | 1/24/2001 |
| **CASE TITLE** | SmithKline Beecham vs. Apotex | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Ruling held. **ENTER MEMORANDUM OPINION:** Defendants' motion (Doc 150-1) for leave to disclose documents is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

courtroom deputy's initials: SCT

date docketed: JAN 2 5 2001

docketing deputy initials: IS

Document Number: 162

Date/time received in central Clerk's Office

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SMITHKLINE BEECHAM CORPORATION and BEECHAM GROUP, p.l.c., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 98 C 3952 |
| APOTEX CORP., APOTEX, INC., and TORPHARM, INC., | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter is before the Court on Defendant TorPharm, Inc.'s motion for leave to disclose certain documents designated as "Confidential" under the March 31, 1999 protective order. For the reasons set forth below, the motion is denied.

### BACKGROUND

On June 28, 1998, Plaintiffs SmithKline Beecham Corporation and Beecham Group, p.l.c. (collectively, "SmithKline") brought this action against defendants Apotex Corp., Apotex, Inc., and TorPharm, Inc. (collectively, "TorPharm"), alleging infringement of SmithKline's patent on the pharmaceutical drug Crystalline Paroxetine



Hydrochloride Hemihydrate. SmithKline markets the drug as Paxil® and sells over one billion tablets each year in the United States.

On March 31, 1999, this Court entered a stipulated Rule 26(c) protective order (the "Protective Order"), which limits access to and dissemination of information, documents, and things designated by the producing party as confidential. Paragraph 5 of the Protective Order provides that counsel for a party must obtain leave of this Court before disclosing designated confidential information of the other party over that party's objection. TorPharm now seeks such leave with respect to two documents that SmithKline has designated as confidential (the "Documents"). TorPharm seeks leave to disclose the Documents in two proceedings – a patent lawsuit initiated by TorPharm against SmithKline and the FDA in the U.S. District Court in Washington, D.C., and an ongoing non-public Federal Trade Commission ("FTC") investigation of SmithKline's alleged efforts to prevent or impede generic competition to Paxil®.

## DISCUSSION

### I. Confidential nature of documents

We first address TorPharm's argument that the Documents were improperly designated as "Confidential Information" under the Protective Order. The stipulated order defines as protectible confidential information

> "all information, documents, and things...which, in the good faith opinion of the party producing such discovery ("the producing party") constitutes or contains confidential research, development, financial, commercial, marketing or business information of a technical or non-technical nature; trade secrets; know-how; or proprietary data relating to research, development, financial, commercial, marketing or business subject matter of a technical or non-technical nature...of the party producing the information, documents or things..." Protective Order at ¶ 1.

The definition includes any information, in whatever form, "the disclosure of which is likely to have the effect of harming the competitive position of the party from which the information was obtained." Protective Order at ¶ 2. TorPharm argues that the Documents contain no trade secrets or other legitimately confidential information and are therefore not protectible under Rule 26(c) of the Federal Rules of Civil Procedure. In particular, TorPharm contends that the Documents contain non-confidential information and/or formerly confidential information that is now stale.

Upon review, we conclude that SmithKline properly designated the Documents as confidential under the Protective Order. Both contain legal and business advice regarding SmithKline's strategies for dealing with competition to Paxil®. The Documents are not dated, but they detail certain initiatives and legal theories that may not have outlived their usefulness. Indeed, SmithKline asserts that the arguably confidential information is "still potentially applicable," and we have no reason to believe that this representation is not made in good faith. As such, we find that the

disclosure of the Documents is likely to harm SmithKline's competitive position, and the Documents are covered by the Protective Order.

## II. Necessity of disclosure

Paragraph 5 of the Protective Order authorizes counsel for one party to seek leave to disclose the other party's confidential information only if counsel deems such disclosure to be "necessary." TorPharm argues that disclosure of the Documents is necessary to eliminate the duplication of discovery that would result if the Documents were sought independently in the D.C. litigation and FTC investigation. In support of its position, TorPharm cites Wilk v. American Medical Association, 635 F.2d 1295 (7th Cir. 1980). In Wilk, five chiropractors sued the American Medical Association (the "AMA") and others in the Northern District of Illinois, alleging a nationwide conspiracy to eliminate the chiropractic profession. Three years later, after extensive discovery had taken place in the Illinois action, the State of New York ("New York") brought a nearly identical suit against the AMA. New York intervened in the Illinois action for the limited purpose of requesting modification of a protective order that limited access to 80 to 90 percent of the Illinois discovery materials to the parties to that action. Despite the recommendation of the Panel on Multidistrict Litigation that New York request access to materials already discovered in the Illinois case, the district court denied New York's motion.

The Seventh Circuit reversed, holding that

> where an appropriate modification of a protective order can place private litigants in a position they would otherwise reach only after repetition of another's discovery, such modification can be denied only where it would tangibly prejudice substantial rights of the party opposing modification. [citing cases] Once such prejudice is demonstrated, however, the district court has broad discretion in judging whether that injury outweighs the benefits of any possible modification of the protective order. 635 F.2d at 1299.

Central to the Court's holding in <u>Wilk</u> was the magnitude of the litigation and the "wastefulness of requiring the State of New York to duplicate discovery already made." <u>Id.</u> TorPharm argues that it would be similarly wasteful to refuse its requested modification of the protective order, as both TorPharm and the FTC would then be required to duplicate the efforts TorPharm has already made to discover the Documents.

TorPharm's argument fails with respect to both the FTC investigation and the D.C. litigation. Unlike the State of New York in <u>Wilk</u>, both TorPharm and the FTC know the exact identity of the Documents and have the power to request them through applicable discovery procedures. Indeed, the FTC has already issued an administrative subpoena specifically naming the Documents. If SmithKline refuses to respond to that subpoena, the FTC may move to compel production in the district court in Washington, D.C. Moreover, the requested documents in <u>Wilk</u> were voluminous, whereas

- 5 -

TorPharm seeks to disclose only two documents. Consequently, any "duplicate discovery" which might result from the denial of TorPharm's motion would therefore be both straightforward and minimal.

Under these circumstances, modification of the protective order is not necessary to permit efficient use of the Documents in the D.C. litigation and FTC investigation. See Wilk at 1301 ("If counsel for New York knew exactly what documents were relevant to that suit, he would not have needed to request modification of the Wilk protective order at all; he could simply have made a discovery request for those documents before the New York court."). Nor do we believe that it is appropriate. SmithKline raises a number of objections – including relevancy and privilege – to the use of the Documents in those other proceedings, and TorPharm argues that the objections are groundless. These disputes should be resolved not by this Court but by the district court in Washington, D.C., on a motion to compel brought by TorPharm or the FTC. Modification of the protective order as TorPharm suggests would "tangibly prejudice substantial rights of the party opposing modification," see Wilk at 1299, by depriving SmithKline of the right to have its objections heard and adjudicated in the proper forum.

In sum, we find the Documents to be protectible confidential information within the meaning of the protective order and Rule 26(c)(7). Because access to the

Documents, if appropriate, can be easily gained through established discovery procedures in the D.C. litigation and FTC investigation, we decline to modify the protective order to permit TorPharm to disclose SmithKline's confidential information in those proceedings.

## CONCLUSION

For the foregoing reasons, the motion for leave to disclose documents is denied.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated: January 24, 2001